## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MCCLURE, | : | CIVIL ACTION NO. 1:23-CV-1060 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| FEDERAL BUREAU | : | |
| OF PRISONS, *et al.*, | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Plaintiff, John McClure, alleges violations of his civil rights by unnamed employees of the United States Bureau of Prisons ("BOP").  We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it without prejudice.  McClure will be granted leave to file an amended complaint.

### I.    Factual Background & Procedural History

According to the complaint, McClure was placed in a top bunk during his incarceration in the Canaan United States Penitentiary ("USP-Canaan"),[1] despite having a medical pass that entitled him to a bottom bunk.  (Doc. 1 at 1).  McClure fell from the top bunk, purportedly causing severe injuries to his back and neck that required surgery and "almost paralyzed" him.  (<u>Id.</u>)  The officers who placed him on

---

[1] The complaint does not state where the alleged facts occurred, but the court liberally construes it to allege facts occurring in USP-Canaan because USP-Canaan is named as a defendant.

the top bunk were allegedly aware that he was entitled to a bottom bunk but disregarded that fact. (Id.)

The complaint further alleges that while McClure was lying in a hospital bed following the incident, an unnamed correctional officer "brandished" a firearm at him. (Id. at 2). Unnamed correctional officers purportedly physically and sexually assaulted McClure during his transport back to USP-Canaan. (Id.) The complaint avers that McClure was then placed in the prison's special housing unit in retaliation for complaining about the incident that caused his fall and the subsequent assaults by staff members. (Id.)

The complaint states that unnamed staff members at USP-Canaan took away McClure's wheelchair before he was ready to stop using one, which caused him to fall several more times. (Id.) After one such fall, staff members purportedly dragged McClure on the floor to the prison's medical unit. (Id.) The complaint avers that medical staff denied him medical care after this incident. (Id.) Staff members then allegedly neglected to place McClure in a handicap-accessible cell, which caused him to fall several more times. (Id.) The complaint asserts claims pursuant to the Eighth Amendment against "USP-Canaan Staff" and the BOP. (Id. at 1). No individual defendants are named in the complaint.

The court issued a thirty-day administrative order on June 26, 2023, requiring McClure to pay the requisite filing fee or move for leave to proceed *in forma pauperis* no later than July 26, 2023. (Doc. 4). After receiving no response from McClure, the court dismissed the complaint without prejudice on August 22, 2023. (Doc. 6). McClure moved for reconsideration on October 2, 2023, noting that

he never received a copy of the thirty-day administrative order.  (Doc. 7).  The court granted the motion on October 16, 2023, reopened the case, and directed McClure to either pay the filing fee or move for leave to proceed *in forma pauperis* no later than November 15, 2023.  (Doc. 8).  McClure timely moved for leave to proceed *in forma pauperis* on November 9, 2023.  (Doc. 9).  Upon review of the motion, the court will grant McClure leave to proceed *in forma pauperis*.  Having done so, the court now performs its mandatory screening of his complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

## II.   <u>Legal Standard</u>

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  <u>See</u> 28 U.S.C. § 1915(e)(2);[2] 28 U.S.C. § 1915A.[3]  The court is required to identify cognizable claims

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**III.   <u>Discussion</u>**

We will dismiss McClure's complaint for failure to state a claim upon which relief may be granted.  McClure brings his claims pursuant to <u>Bivens</u>, which recognizes an implied damages remedy in certain limited circumstances for plaintiffs whose civil rights have been violated by federal government officials.  <u>See</u> <u>Bivens</u>, 403 U.S. at 388; <u>see also</u>, <u>e.g.</u>, <u>Egbert v. Boule</u>, 596 U.S. 482 (2022); <u>Ziglar v. Abbasi</u>, 582 U.S. 120 (2017).  McClure's complaint, however, fails to name any individual government officials who allegedly violated his rights and instead names as defendants "USP-Canaan Staff" and the BOP.  McClure's claims against these defendants are not cognizable.  <u>Bivens</u> claims may not be brought against federal agencies.  <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-86 (1994).  Furthermore, to the extent that McClure seeks to name individual defendants through his general references to "USP-Canaan Staff," his claims fail because a generalized allegation against "staff" is not sufficient to allege personal involvement.  <u>See</u>, <u>e.g.</u>, <u>Walker v. Wetzel</u>, No. 22-

---

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

1357, 2022 WL 4103632, at *3 (3d Cir. Sept. 8, 2022) (nonprecedential)[4] (concluding

that plaintiff's "general statements about 'medical staff and officers'" were not

sufficient to allege personal involvement); <u>Lawrence v. BOP</u>, No. 1:23-CV-60, 2023

WL 2385635, at *4 (M.D. Pa. Mar. 6, 2023) (finding "general, vague allegations"

against "staff workers" insufficient to allege personal involvement).

We additionally find that McClure's complaint fails to state a claim upon

which relief may be granted to the extent it can be liberally construed as advancing

a tort claim against the United States under the Federal Tort Claims Act ("FTCA").[5]

The FTCA "provides a mechanism for bringing a state law tort action against the

federal government in federal court."  <u>In re</u> Orthopedic Bone Screw Prod. Liab.

Litig., 264 F.3d 344, 362 (3d Cir. 2001).  Before asserting an FTCA claim in federal

court a plaintiff must first exhaust administrative remedies.  28 U.S.C. § 2675(a);

<u>Shelton v. Bledsoe</u>, 775 F.3d 554, 569 (3d Cir. 2015).  Exhaustion of administrative

remedies under the FTCA is jurisdictional and cannot be waived.  <u>Shelton</u>, 775 F.3d

at 569.  FTCA claims must be dismissed for lack of jurisdiction when the plaintiff

has failed to allege exhaustion of administrative remedies.  <u>See</u>, <u>e.g.</u>, <u>Geiger v.</u>

<u>United States</u>, No. 3:22-CV-1079, 2023 WL 3136405, at *4 (M.D. Pa. Apr. 27, 2023);

<u>Gomez v. United States</u>, No. 1:14-CV-1176, 2016 WL 826899, at *3 (M.D. Pa. Mar. 3,

---

[4] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

[5] The United States is the only proper defendant in an action under the FTCA.  <u>See</u>, <u>e.g.</u>, <u>Priovolos v. FBI</u>, 632 F. App'x 58, 60 (3d Cir. 2015) (nonprecedential) (citing <u>CNA v. United States</u>, 535 F.3d 132, 138 n.2 (3d Cir. 2008)).

2016); 35A AM. JUR. 2D *Federal Tort Claims Act* § 209, Westlaw (database updated Oct. 2023).

McClure's complaint does not sufficiently allege exhaustion of administrative remedies.  He vaguely alleges that he "attempted to use the administrative remedy process" but that "certain staff members tampered" with the documents he attempted to submit.  (Doc. 1 at 1-2).  McClure states that he "does not know" where the documents "disappeared to" but that he is "certain" that the administrative remedy process was unavailable because of this purported interference.  (Id. at 2).  We find these conclusory allegations of interference by BOP staff insufficient to allege exhaustion of administrative remedies.  McClure does not state what facts he alleged in the documents he attempted to file, nor does he allege when he attempted to file the documents, which officers interfered with the documents, or what actions the officers took to "tamper" with the documents.  (Id.)  To the extent McClure attempts to assert a claim against the United States pursuant to the FTCA, his claim is accordingly subject to dismissal for failure to allege exhaustion of administrative remedies.

Before dismissing civil rights claims for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008).  We find that amendment is futile with respect to McClure's Bivens claims against the BOP and USP-Canaan because those claims fail as a matter of law.  See Meyer, 510 U.S. at 484-86.  We will grant leave to amend, however, to allow McClure to name individual defendants with respect to his Bivens

claims and to assert additional facts pertaining to his attempts to exhaust administrative remedies for his FTCA claim against the United States.

**IV.** **Conclusion**

We will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.  McClure will be granted leave to amend.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     December 5, 2023