## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN MCCLURE,** | : | **CIVIL ACTION NO. 1:23-CV-1060** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **FERNANDO GARZA**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### <u>MEMORANDUM</u>

This is a prisoner civil rights case filed pursuant to <u>Bivens v. Six Unknown</u> <u>Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  We have screened the case pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it without further leave to amend.

### I.    <u>Factual Background & Procedural History</u>

Plaintiff, John McClure, who is currently incarcerated at USP-Big Sandy in Inez, Kentucky but was incarcerated at USP-Canaan in Waymart, Pennsylvania at all relevant times, filed his original complaint on June 17, 2023, and the court received and docketed it on June 26, 2023.  (Doc. 1).  The original complaint named as defendants the United States Bureau of Prisons ("BOP") and "USP Canaan staff."  (<u>Id.</u> at 1).  The court dismissed the complaint without prejudice on August 22, 2023 for McClure's failure to timely pay the filing fee or move for leave to proceed *in forma pauperis*, but subsequently granted McClure's motion to reopen the case.  (Docs. 6, 8).

Following plaintiff's motion for leave to proceed *in forma pauperis* on November 7, 2023, the court granted the motion and dismissed the complaint without prejudice on December 5, 2023 pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, noting that the BOP was not a proper defendant in a <u>Bivens</u> case and that the general reference to "USP Canaan staff" was not sufficient to allege the personal involvement of any individual defendants. (Docs. 12-13).  The court additionally dismissed the complaint without prejudice to the extent it could be construed as asserting a claim against the United States pursuant to the Federal Tort Claims Act ("FTCA") because McClure had not alleged that he exhausted administrative remedies prior to filing the claim. (<u>Id.</u>)  The court granted McClure leave to file an amended complaint to assert <u>Bivens</u> claims against individual defendants and to assert an FTCA claim against the United States that was properly supported by allegations of exhaustion of administrative remedies. (<u>Id.</u>)

On February 6, 2024, McClure filed a motion for the court to order the BOP to release names of individual defendants responsible for the alleged violations of his civil rights. (Doc. 18).  McClure then timely filed an amended complaint naming several employees of USP-Canaan as defendants on March 25, 2024, and the court received and docketed the amended complaint on April 10, 2024. (Doc. 19).

According to the amended complaint, McClure was incarcerated in USP-Canaan on July 25, 2021, when defendant Burgh disregarded McClure's "lower bed status pass" and compelled him to sleep on a top bunk. (<u>Id.</u> at 3).  On July 25, 2021, McClure allegedly fell from the bunk and injured his back. (<u>Id.</u>)  He was transported to an outside hospital for emergency surgery. (<u>Id.</u>)

McClure was discharged from the hospital on August 2, 2021.  (<u>Id.</u>)  He complained to defendants Smith and Keen—who were both correctional officers at USP-Canaan assigned to transport McClure back to the prison—that he was being discharged prematurely.  (<u>Id.</u>)  In response, Smith and Keen purportedly "brandish[ed]" their firearms and made unspecified threatening and intimidating statements.  (<u>Id.</u>)  Upon returning to USP-Canaan later that day, defendants Smith and Keen allegedly assaulted McClure by "punching and kicking him and sticking their glove[d] hands into plaintiff[s] anus."  (<u>Id.</u>)  McClure attempted to report this to the medical department and prison supervisory officials, but no medical assessment or any other actions were ever completed in response.  (<u>Id.</u>)

The amended complaint avers that sometime in August 2021, McClure and his cellmate, Larnell Hutchinson, were calling for medical assistance in their cell. (<u>Id.</u>)  Defendant Burgh allegedly came to the cell, threatened McClure in an unspecified manner, and offered to "bribe" Hutchinson to assault McClure.  (<u>Id.</u>)  On an unspecified date around this time, defendant Keen purportedly threatened McClure to "keep quiet or he's gonna hurt him badly."  (<u>Id.</u>)  Hutchinson was allegedly present for this threat.  (<u>Id.</u>)

In late August 2021, McClure was transferred from the prison's special housing unit ("SHU") to the prison's general population.  (<u>Id.</u>)  His unit counselor in general population allegedly denied him the use of a wheelchair-accessible cell, despite McClure being in a wheelchair.  (<u>Id.</u>)  McClure complained that he needed a wheelchair-accessible cell, which purportedly caused the counselor to threaten McClure by stating, "keep quiet or I'll take your life" and "I'll stick you so far back

3

in that wheelchair nobody will find or see you again." (Id.) McClure reported this incident to a lieutenant, who transferred McClure back to the SHU and stated that it was for his safety. (Id. at 4). Prison officials took away McClure's wheelchair a short time later. (Id.) McClure complained that he still needed the wheelchair, which caused the prison's medical coordinator to respond "in a harsh and threatening" manner. (Id.)

Sometime between September 1, 2021 and September 4, 2021, McClure attempted to walk to the door of his cell to speak with employees of the medical department but fell to the floor. (Id.) Later the same day, defendants "Sheep Dog and Sicari" allegedly physically assaulted McClure by knocking him to the floor and stomping and kicking him. (Id.) McClure purportedly suffered a "busted lip and swollen face and mouth" from the assault. (Id.) Defendant Frisk and another unknown officer also allegedly assaulted McClure later that day by dragging him from his cell and "physically beating and assault[ing]" him. (Id.) Sometime between September 10, 2021 and September 15, 2021, defendant Sheep Dog and another unknown officer purportedly dragged McClure from his cell and forced him to sit on a cold concrete floor for several hours. (Id.) The amended complaint alleges that the repeated assaults by staff members were done in retaliation for McClure's complaints of staff misconduct. (Id.)

McClure attempted to contact the warden of the prison, Fernando Garza, in December 2023 and January 2024 to ascertain the names of some of the individuals responsible for the alleged violations of his civil rights, but Garza purportedly failed to respond. (Id. at 5). The amended complaint asserts claims for violation of

McClure's civil rights under the Eighth and Fourteenth Amendments.  (Id. at 6).

McClure seeks damages, injunctive relief, and declaratory relief.  (Id. at 6-7).

## II.   **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915A.[1]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See id.

---

[1] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

### III.   Discussion

#### A.   Bivens Claim

In <u>Bivens</u>,[2] the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983.  <u>See</u> <u>Bivens</u>, 403 U.S. at 397.  In over 50 years since <u>Bivens</u> was decided in June 1971, the Court has extended <u>Bivens</u> only twice: first, to a claim for sex discrimination under the Fifth Amendment's Due Process Clause, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228, 248-49 (1979), and later to a claim for inadequate prison medical care under the Cruel and Unusual Punishment Clause of the Eighth Amendment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14, 18-23 (1980).

The Supreme Court's decision in <u>Ziglar v. Abbasi</u>, 582 U.S. 120 (2017) sets forth a two-part test for determining whether a prospective <u>Bivens</u> claim may proceed.  First, courts must ascertain whether the case presents a "new context."  <u>See</u> <u>id.</u> at 138.  If the case differs "in a meaningful way" from previous <u>Bivens</u> cases decided by the Supreme Court, "then the context is new."  <u>Id.</u> at 139.  And the

---

[2] The court construes McClure's amended complaint solely as proceeding on a <u>Bivens</u> claim.  Although the court previously noted that McClure's original complaint could be liberally construed as asserting an FTCA claim, the court noted in dismissing the claim that the United States "is the only proper defendant in an action under the FTCA."  (<u>See</u> Doc. 12 at 5 n.5 (citing <u>Priovolos v. FBI</u>, 632 F. App'x 58, 60 (3d Cir. 2015)).  McClure's amended complaint does not name the United States as a defendant.  In light of the court's previous statement that the United States is the only proper defendant to an FTCA claim, the court construes the omission of the United States as a defendant in the amended complaint as an abandonment of any FTCA claims that were raised in the original complaint.

meaning of "new context" is "broad."  <u>See</u> <u>Hernandez v. Mesa</u>, 589 U.S. 93, 102 (2020).  Second, if the case presents a new context, the court must then consider whether "special factors" counsel against extending the <u>Bivens</u> remedy.  <u>See</u> <u>id.</u> This inquiry asks whether "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." <u>See</u> <u>Egbert v. Boule</u>, 596 U.S. 482, 492 (2022) (quoting <u>Abbasi</u>, 582 U.S. at 136).  If a court concludes that "even a single reason" exists to pause "before applying <u>Bivens</u> in a new context," then special factors counseling hesitation exist and a <u>Bivens</u> remedy does not lie.  <u>See</u> <u>id.</u> (quoting Hernandez, 589 U.S. at 102) (internal quotation marks omitted).

The Court's decision in <u>Egbert</u> reemphasizes that the continued refusal to "imply a similar cause of action for other alleged constitutional violations" is intentional—recognizing a new <u>Bivens</u> cause of action is "a disfavored judicial activity."  <u>See</u> <u>Egbert</u>, 596 U.S. at 491 (quoting <u>Abbasi</u>, 582 U.S. at 135).  <u>Egbert</u> clarifies that the two-step process laid out in <u>Abbasi</u> "often resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy."  <u>See</u> <u>id.</u> at 483.  In other words: if there is "<i>any</i> rational reason (even one) to think that <i>Congress</i> is better suited" to determine the propriety of a cause of action, then a <u>Bivens</u> action cannot proceed.  <u>See</u> <u>id.</u> at 496.  The court must broadly inquire whether "there is any reason to think that 'judicial intrusion' into a given field might be 'harmful' or 'inappropriate'"—and if the answer is "yes," or even <i>potentially</i> yes, the plaintiff cannot recover under <u>Bivens</u>.  <u>See</u> <u>id.</u> (quoting <u>United States v. Stanley</u>, 483 U.S. 669, 681 (1987)).  Mindful

of <u>Egbert</u>'s emphasis on the presence of special factors, we proceed with <u>Abbasi</u>'s two-step analysis.

### 1.    New Context

The court construes McClure's amended complaint as advancing three constitutional claims under <u>Bivens</u>: (1) that defendants used excessive force in violation of the Eighth Amendment when they repeatedly assaulted McClure; (2) that the assaults constituted retaliation in violation of the First Amendment;[3] and (3) that defendant Burgh was deliberately indifferent to substantial risk of serious harm to McClure when he compelled McClure to sleep on a top bunk and McClure subsequently fell from the bunk.  We find that these claims present new contexts from the three cases in which the Supreme Court has previously recognized a <u>Bivens</u> remedy.  The excessive force and retaliation claims present new contexts because they are based on allegations of excessive force by correctional officers in a prison.  As our court of appeals recently recognized, the Supreme Court "has not recognized an Eighth Amendment [<u>Bivens</u>] claim arising from a correctional officer's use of excessive force against a prisoner." <u>Landis v. Moyer</u>, No. 22-2241, 2024 WL 937070, at *2 (3d Cir. Mar. 5, 2024) (nonprecedential);[4] <u>see also</u> <u>Alsop v. Fed. Bureau of Prisons</u>, No. 22-1933, 2022 WL 16734497, at *3 (3d Cir. Nov. 7, 2022)

---

[3] Although the amended complaint does not specifically base its retaliation claim on the First Amendment, the substance of the claim is properly construed as a First Amendment claim.

[4] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

(nonprecedential) ("Alsop alleged that Hays used excessive force against him and confiscated his (unprescribed) medication in retaliation for complaining about his treatment in solitary confinement.  These allegations are not a basis for relief under Bivens.").[5]  Similarly, our court of appeals has recognized that claims of deliberate indifference to a substantial risk of harm caused by the conditions of a plaintiff's confinement are a new context for Bivens liability.  See Mammana v. Barben, 856 F. App'x 411, 414 (3d Cir. 2021) (nonprecedential) (noting that claims of deliberate indifference to conditions of plaintiff's confinement "bear little resemblance" to the claim of deliberate indifference at issue in Carlson).[6]

---

[5] We have also considered the potential relevance of Farmer v. Brennan, 511 U.S. 825 (1994).  Although Egbert, Hernandez, and Abbasi do not mention Farmer as one of the cases in which the Court recognized a Bivens remedy, our court of appeals has held, post-Abbasi, that Farmer recognized a Bivens remedy for claims that prison officials were deliberately indifferent to a risk that an inmate would be assaulted by other inmates.  See Bistrian v. Levi, 912 F.3d 79, 90-91 (3d Cir. 2018).  The Supreme Court's more recent decisions in Hernandez and Egbert and our court of appeals' decision in Dongarra v. Smith, 27 F.4th 174 (3d Cir. 2022) cloud this conclusion.  See Davis v. FCI-Schuylkill, No. 1:22-CV-1270, 2022 WL 4348462, at *3 n.3 (M.D. Pa. Sept. 19, 2022) (Conner, J.); see also Mammana v. Barben, 856 F. App'x 411, 414 n.5 (3d Cir. 2021) (noting that there is "tension" between recent Supreme Court decisions limiting the reach of Bivens and Bistrian's recognition of Farmer as a basis for Bivens liability, but noting that the court did not need to resolve that tension because it was "glaringly obvious" that the case presented a new context from the claim at issue in Farmer).  Nevertheless, Dongarra did not overrule Bistrian because Dongarra is not an en banc decision.  See, e.g., Bracey v. Superintendent Rockview SCI, 986 F.3d 274, 290 n.14 (3d Cir. 2021).  Hence, we continue to treat Bistrian as binding precedent and have considered its relevance to the instant case.  We find that the instant case's allegation of excessive force by correctional officers is notably different from the deliberate indifference to inmate assault alleged in Farmer.  See Davis, 2022 WL 4348462, at *3.

[6] As noted above, the court in Mammana also recognized that the conditions of confinement claim presented a new context from the deliberate indifference claim at issue in Farmer.  Id. at 414 n.5.

2.      **Special Factors**

Having concluded that McClure's claims present new contexts, we must

determine whether "there are any special factors that counsel hesitation" in

extending <u>Bivens</u>.  <u>See</u> <u>Hernandez</u>, 589 U.S. at 102 (internal quotation marks and

alterations omitted) (quoting <u>Abbasi</u>, 582 U.S. at 136).  If a court "ha[s] reason to

pause before applying <u>Bivens</u> in a new context or to a new class of defendants,"

then special factors counseling hesitation exist.  <u>See</u> <u>id.</u>

The Supreme Court has recognized that "when alternative methods of relief

are available, a <u>Bivens</u> remedy usually is not."  <u>See</u> <u>Abbasi</u>, 582 U.S. at 145.  The

alternative remedy need not "afford rights to participation or appeal," because a

court should defer to congressional or executive choices in erecting a remedial

process, rather than conduct its own independent assessment of government

procedures.  <u>See</u> <u>Egbert</u>, 596 U.S. at 497-98.  "If there are alternative remedial

structures in place, 'that alone,' like any special factor, is reason enough to 'limit the

power of the Judiciary to infer a new <u>Bivens</u> cause of action.'"  <u>Id.</u> at 493 (citing

<u>Abbasi</u>, 582 U.S. at 137).

The Bureau of Prisons' administrative remedy program provides an

alternative remedy for McClure to pursue his claims.  <u>Mack v. Yost</u>, 968 F.3d 311,

321 (3d 2020).  Although McClure could not obtain money damages through the

administrative remedy program, <u>see</u> <u>id.</u>, the fact that the alternative remedy "do[es]

not provide complete relief" is immaterial.  <u>Egbert</u>, 596 U.S. at 493. "Rather, the

court must ask only whether it, rather than the political branches, is better

equipped to decide whether existing remedies 'should be augmented by the

creation of a new judicial remedy.'" Id. (quoting Bush v. Lucas, 462 U.S. 367, 388 (1983)).  Having carefully considered this question, and mindful of the Supreme Court's direction that expanding the Bivens remedy to new contexts is a "disfavored judicial remedy," see Egbert, 596 U.S. at 491, we conclude that Congress is better equipped to determine the contours of a damages remedy than the courts.  McClure's Bivens claims will therefore be dismissed.

Having concluded that dismissal is warranted, we will deny as moot McClure's motion for a court order compelling the BOP to release the names of individual defendants.  (Doc. 18).  McClure's amended complaint does not present a cognizable Bivens claim.  Naming other individual defendants will not make his claims cognizable.

**B.    Amendment**

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008).  We will deny leave to amend as futile because McClure's Bivens claims fail as a matter of law.

**IV.**   **Conclusion**

We will dismiss McClure's amended complaint without further leave to amend and deny his motion for a court order compelling the BOP to release the names of individual defendants as moot.  An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     May 1, 2024